## BAKER HUGHES OILFIELD OPERATIONS, INC., Plaintiff–Appellant,

v.

## REEDHYCALOG UK, LTD. and Reedyhycalog LP, Defendants–Appellees.

No. 2006–1494.

United States Court of Appeals, Federal Circuit.

June 22, 2007.

Before SCHALL, BRYSON, Circuit Judges, and HOLDERMAN, Chief District Judge.*

### ORDER

PER CURIAM.

The case is on appeal from the United States District Court for the District of Utah. The district court dismissed the plaintiff's declaratory judgment action because the court concluded that the plaintiff had failed to show that there was an actual

Northern District of Illinois, sitting by designation.

controversy between the parties. The court so ruled because it found that even accepting the plaintiff's characterization, the facts were insufficient to create "an objective and reasonable apprehension of suit" on the plaintiff's part. In the alternative, the court held that even if the plaintiff had a reasonable apprehension of suit, the court would exercise its discretion and dismiss the action because there was "a possibility that the dispute may be resolved without the need for legal action."

While this appeal was pending, the Supreme Court decided *MedImmune, Inc. v. Genentech, Inc.*, — U.S. ——, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007), and this court decided *Sandisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372 (Fed.Cir.2007), and *Teva Pharmaceuticals USA, Inc. v. Novartis Pharmaceuticals Corp.*, 482 F.3d 1330 (Fed.Cir.2007). In those cases, the Supreme Court and this court rejected the use of the "reasonable apprehension of suit" test to determine whether a live case or controversy is present in a declaratory judgment patent suit. This court in *Sandisk* also rejected a district court's use of its discretionary authority to dismiss an action under circumstances similar in various respects to those in this case.

In light of the change in the legal standards applicable to the issues presented in this case, and in light of the possibility that the trial court may be required to make factual findings in order to resolve the jurisdictional issue, we consider the best course to be to remand the case to the district court so that the district court can apply the newly applicable standards in the first instance. Accordingly, we vacate the judgment of dismissal and remand for reconsideration in light of *MedImmune, Sandisk,* and *Teva.*